IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN ECHOLS, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0882 |
| | § | |
| RYAN GARDINER, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This civil rights case is again before the Court on the Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) [Doc. # 143] of Plaintiffs Karen Echols, individually and as representative of the estate of John T. Barnes, John A. Barnes, and April Phillips, as next friend of John T. Barnes' children, CDB and JTB (collectively, "Plaintiffs"). Defendants Hayden Properties, LLC, JS Property Management, Inc., and Woodland Hills Village Apartment Homes (collectively, "Woodland Hills") filed a Response to the Motion [Doc. # 145]. Defendant City of Houston ("City") also filed a Response [Doc. # 146]. Plaintiffs filed a single Reply to both Responses [Doc. # 147]. Having considered the parties' briefing and the applicable legal authorities, the Court **denies** Plaintiffs' Motion for Reconsideration.

## I.    PROCEDURAL BACKGROUND

On December 3, 2013, after careful consideration, this Court issued a Memorandum and Order [Doc. # 139] addressing various dispositive motions filed by the parties. In its Memorandum and Order, the Court granted summary judgment to both the City and Woodland Hills on all of Plaintiffs' claims against those entities and granted summary judgment to Defendant Ryan Gardiner ("Gardiner") on Plaintiffs' failure to provide medical attention claim. The Court, however, denied summary judgment to Gardiner on Plaintiffs' excessive force claim because Plaintiffs established genuine issues of material fact with regard to whether Gardiner used excessive force against John T. Barnes ("Barnes") in shooting and killing him on August 1, 2009. This ruling precluded summary judgment on Gardiner's claim to qualified immunity.

Plaintiffs now ask the Court to reconsider various issues on which the Court granted summary judgment. Specifically, Plaintiffs ask the Court to reconsider its decision to grant summary judgment on: (1) Plaintiffs' ratification claim against the City; (2) Plaintiffs' failure to supervise claim against the City, as it relates to the City's alleged failure to include CED (*i.e.*, TASER) deployments in its Personnel Concerns Program ("PCP") early warning system; (3) Plaintiffs' vicarious liability claim against Woodland Hills; and (4) Plaintiffs' direct liability claim against

Woodland Hills.[1]

## II. LEGAL STANDARD

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring errors or newly discovered evidence to the Court's attention. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Id.* (citing *Ross*, 426 F.3d at 763). A Rule 59(e) motion is also not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."

---

[1] Gardiner, simultaneously, has filed a Notice of Interlocutory Appeal [Doc. # 142] and has asked the Fifth Circuit to review the Court's decision denying summary judgment to Gardiner based on his claim of qualified immunity.

*Templet*, 367 F.3d at 478-79. Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).[2]

### III. ANALYSIS

#### A. Ratification Claim

Plaintiffs argue that, in granting summary judgment to the City on Plaintiffs' ratification claim, the Court has placed too much weight on *Oporto v. City of El Paso, Tex.*, 2012 WL 2191697 (W.D. Tex. June 14, 2012), which Plaintiffs claim "created an artificial standard that the policy maker can immunize the municipality from liability by simply believing what his officer tells the internal affairs investigation about a shooting." Motion for Reconsideration, at 3-5. A review of the Memorandum and Order shows that the Court cited *Oporto* twice, but in neither instance did the Court rely on that precedent alone in rendering its decision. *See* Memorandum and Order, at 41-42.[3] The Court made a careful review of applicable Supreme Court and

---

[2]In their Motion for Reconsideration, Plaintiffs do not present any newly discovered evidence.

[3]The Court also cited *Oporto* once in citing to Defendants' argument. *See* Memorandum and Order, at 39 n.142.

Fifth Circuit precedent; it did not merely rely on *Oporto*'s similar conclusion.[4]

Plaintiffs also argue that the Court improperly applied the summary judgment standard and that the facts, when viewed in a light most favorable to the Plaintiffs, "should have precluded this Court from making the factual determination that this case is not an extreme factual scenario or manifestly indefensible." *Id.*, at 5-6. In essence, Plaintiffs argue here that whether an event was an "extreme factual scenario" or whether an official's decision was "manifestly indefensible" can only be decided by a jury, and not by "the Court as a matter of law." *Id.*, at 6. This argument, however, ignores numerous Fifth Circuit cases, only some of which the Court cited in its Memorandum and Order, which have upheld a district court's grant of summary judgment on these same grounds. *See, e.g.*, *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009); *Snyder v. Trepagnier*, 142 F.3d 791 (5th Cir. 1998). The Court is unpersuaded that it improperly applied the summary judgment standard.

### B.  Failure to Supervise Claim

Plaintiffs offer two lines of attack on the Court's decision on the failure to supervise claim. First, Plaintiffs place weight on a single footnote in the Court's decision, in which the Court noted that the City's system for reviewing CED

---

[4]The Court notes that its decision in this regard was only one basis for its conclusion and that the Court offered additional reasoning why the City was entitled to summary judgment on Plaintiffs' ratification claim.

deployments "appears to have conformed with one construction of the PERF recommendation." Memorandum and Order, at 32 n.126. Plaintiffs term this comment a "factual misunderstanding." Motion for Reconsideration, at 7-9. The Court stands by its interpretation of "the PERF recommendation." In any event, this point was not integral to the Court's conclusion that Plaintiffs failed to demonstrate a genuine issue of material fact that the City was "deliberately indifferent" in establishing its early warning system—thus, the Court placed the discussion in a footnote.

Plaintiffs also rehash arguments that they previously made that the City was "deliberately indifferent" in failing to adopt their interpretation of the PERF recommendation and argue that the Court applied the wrong standard in analyzing their claims. Motion for Reconsideration, at 11-12. The Court amply addressed the "deliberate indifference" standard, *see* Memorandum and Order, at 32-34, and carefully considered Plaintiffs' arguments.[5] Plaintiffs present no basis to conclude the Court's decision was "a manifest error of law."

---

[5]Specifically, the Court stated that "Plaintiffs have not presented any evidence of other officers' conduct that would have put HPD on notice that the suggested change to its PCP system was known to be necessary and that the City chose deliberately not to follow the suggestion." Memorandum and Order, at 33. The Court also cited to numerous Fifth Circuit decisions that have upheld summary judgment for a municipality on similar grounds. *See id.*, at 33-34.

### C. <u>**Vicarious Liability Claim**</u>

With regard to Plaintiffs' vicarious liability claim against Woodland Hills, Plaintiffs raise two arguments. Plaintiffs contend that "this Court failed to consider the relevancy of [two workers' compensation] cases for the purpose of attributing liability to Woodland Hills." Motion for Reconsideration, at 12. In fact, the Court did consider those cases, and concluded that the decisions were *not* relevant. *See* Memorandum and Order, at 53 n.168. Plaintiffs also challenge the correctness of the principle that "an off-duty police officer who observes a crime immediately becomes an on-duty police officer," arguing that "*Half Price Books* represents an absurd extension of" previous Texas state court decisions and that the concept is "archaic." Motion for Reconsideration, at 13-14. The Court disagrees and, in any event, is bound by the doctrine. Both the Fifth Circuit and Texas appellate courts have upheld this approach. *See, e.g.*, *Williams v. Dillard's Dep't Stores, Inc.*, 211 F. App'x 327, 329 (5th Cir. 2006); *Laughlin v. Olszewski*, 102 F.3d 190, 192 n.1 (5th Cir. 1996); *Moore v. Wal-Mart Store, Inc.*, 1995 WL 449901, at *1-2 (5th Cir. 1995); *Harris County v. Gibbons*, 150 S.W.3d 877, 882 (Tex. App.–Houston [14th Dist.] 2004, no pet.). The Court declines Plaintiffs' invitation to "set aside" this principle "as a legal anachronism." Motion for Reconsideration, at 14.

### D. **Direct Liability Claim**

Finally, Plaintiffs contend that the Court's conclusion to grant summary judgment to Woodland Hills on Plaintiffs' direct liability claim is "illogical" because, they argue, a reasonable jury could conclude that Woodland Hills was negligent in hiring Gardiner. *Id.*, at 14-17. Here again, Plaintiffs essentially rehash their earlier arguments that the Court rejected. Plaintiffs also argue that the Court failed to consider Woodland Hills' ability to interview Gardiner as a means of learning his employment history. *Id.*, at 15-16; Plaintiffs' Reply [Doc. # 147], at 7. The Court considered this argument, although it was not expressly mentioned in the Memorandum and Order. The Court again has considered this point and finds it unpersuasive. The Court reiterates that only two of the prior complaints against Gardiner were sustained—neither of which related to excessive force—and that "an active duty police officer, irrespective of prior complaints, could competently perform" the work required of a Courtesy Officer. *See* Memorandum and Order, at 57-58. Furthermore, Plaintiffs argue that the Court misapplied the "foreseeability" prong of the analysis. Motion for Reconsideration, at 16-17. The Court addressed this prong in detail in its Memorandum and Order, *see* Memorandum and Order, at 58-59, and reaffirms its conclusions.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration [Doc. # 143] is **DENIED**. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending interlocutory appeal of this Court's decision to the United States Court of Appeals for the Fifth Circuit.

SIGNED at Houston, Texas, this __17th__ day of **January, 2014.**

_____
Nancy F. Atlas
United States District Judge