IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN ECHOLS, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-0882 |
| § | | |
| RYAN GARDINER, *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This civil rights case is before the Court on Defendant City of Houston's ("City") Motion for Reconsideration of Order Granting Plaintiffs' Motion for Entry of Final Judgment Under Fed. R. Civ. P. 54(b) [Doc. # 161] ("Motion"). Plaintiffs have filed a Response [Doc. # 164]. Having considered the parties' briefing and the applicable legal authorities, the Court **denies** Defendant's Motion for Reconsideration.

## I.     PROCEDURAL BACKGROUND

On February 25, 2014, Plaintiffs filed a Motion for Entry of Final Judgment Under Fed. R. Civ. P. 54(b) [Doc. # 159], asking the Court to enter final judgment on its order granting summary judgment in favor of the City on Plaintiffs' claim of municipal liability and in favor of Defendants Hayden Properties, LLC, JS Property Management, Inc., and Woodland Hills Village Apartment Homes (collectively, "Woodlands Hills") on Plaintiffs' claims of negligence (*i.e.*, direct liability) and

vicarious liability. Plaintiffs requested entry of final judgment on these claims to enable the Fifth Circuit to consider these issues on a cross-appeal simultaneously with Defendant Ryan Gardiner's ("Gardiner") appeal of the Court's denial of summary judgment on his qualified immunity defense. Having assumed there was no opposition, the Court granted Plaintiffs' motion on February 26, 2014 the next day [Doc. # 160], and entered final judgment on the Court's earlier Memorandum and Order [Doc. # 139] granting summary judgment to the City on Plaintiffs' municipal liability claim and to Woodland Hills on Plaintiffs' negligence and vicarious liability claims. thereby resulting in dismissal with prejudice of all claims against these entities. Through its pending Motion, the City asks the Court to reconsider its prior ruling.

## II.  LEGAL STANDARD

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment.[1] FED. R. CIV. P. 59(e). Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring errors or newly discovered evidence to the Court's attention. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A litigant seeking relief under Rule 59(e) "must clearly

---

[1] The City does not specify whether its Motion for Reconsideration is brought pursuant to Rule 59(e) or, alternatively, Rule 60. Because the Motion was brought only two days after the Court's Order entering final judgment on the claims at issue, the Court assumes that the City makes its motion under Rule 59(e), which "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Id.* (citing *Ross*, 426 F.3d at 763). A Rule 59(e) motion is also not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 478-79. Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).

### III. ANALYSIS

Rule 54 of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). "It is left to the sound judicial discretion of the district court to determine the

'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp.*, 446 U.S. at 8. A district court must consider both the equities of the case and "judicial administrative interests" in making this determination. *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8).

A Rule 54(b) final judgment "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoid[ing] piecemeal appeals." *Eldredge v. Martin Marietta Corp.,* 207 F.3d 737, 740 (5th Cir.2000) (internal quotations and citations omitted). "A court should consider such factors as: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Abecassis v. Wyatt*, 2010 WL 2671576, at *2 (S.D. Tex. June 30, 2010) (Rosenthal, J) (quoting *Akers v. Alvey,* 338 F.3d 491, 495 (6th Cir. 2003)).

In granting Plaintiffs' motion for entry of final judgment under Rule 54(b), the Court was persuaded that, among other things, judicial economy warranted Plaintiffs' immediate cross-appeal of the issues decided against them on summary judgment. All Plaintiffs' claims against the City and Woodland Hills were dismissed by the Court (leaving only the claim against Gardiner individually for trial). An appeal at this time enables the Court of Appeals to address the issues pertaining to municipal and corporate liability when the Court of Appeals considers Defendant Gardiner's appeal of denial of summary judgment on his qualified immunity defense. The Court of Appeals will be required to acquire the same detailed knowledge of the facts for all parties' appeals. Should the appellate court disagree with this Court on the viability of Plaintiffs' claims against the City or Woodland Hills, it can remand for trial with the claims against Gardiner. If this Court's conclusions on all issues are affirmed, the City and Woodland Hills will have final judgment and the jury on remand will then hold a trial on simply Plaintiffs' claims against Gardiner. If the Court of Appeals disagrees with this Court on Gardiner's defense but affirm the other claims, final judgment may be entered on all claims. Thus, if there is a remand, the parties will be able to proceed to trial with a clear understanding of the law applicable to Plaintiffs' claims. Allowing the Court of Appeals to consider the entirety of the Court's rulings at this time thus best serves the administration of justice in this case and provides for the most efficient resolution of this dispute. Furthermore, there are no counterclaims

or set-offs involved. There is also no basis for delaying final resolution of Plaintiffs' claims against the City and Woodland Hills. The Court therefore denies the City's Motion for Reconsideration of this entry of judgment.

## IV. CONCLUSION AND ORDER

For the reasons stated, it is hereby

**ORDERED** that Defendant City of Houston's Motion for Reconsideration of Order Granting Plaintiffs' Motion for Entry of Final Judgment Under Fed. R. Civ. P. 54(b) [Doc. # 161] is **DENIED**.

SIGNED at Houston, Texas, this **3rd** day of **April, 2014.**

_____
Nancy F. Atlas
United States District Judge